**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **CASE NO. 4:20-CR-00030-BSM**

**JONATHAN WILLIAMS** **DEFENDANT**

**ORDER**

Jonathan Williams's motions to reverse and for summary judgment [Doc. Nos. 81-82] are denied.

Williams argues that Assistant U.S. Attorney Kristin Bryant pursued an attempted production of child pornography charge against him because he is a gay man, which resulted in a sentencing disparity between him and straight defendants with more severe crimes. He points to two instances of Bryant prosecuting straight men. First, Robert Bodine traveled from Florida to Arkansas to sexually assault a 12-year-old girl and took photos and videos of the assault. *United States v. Bodine*, Case No. 4:23-cr-000253-LPR, Doc. No. 43 at 29–30. Bodine was charged with one count of traveling with intent to engage in illicit sexual conduct and two counts of production of child pornography. *Id.*, Doc. No. 3. He pled to traveling with intent to engage in illicit sexual conduct and was sentenced to 72 months of imprisonment. *Id.*, Doc. No. 3, Doc. No. 67.

Second, Jonathan Berrier traveled from North Carolina to Arkansas to sexually assault a minor. *United States v. Berrier*, Case No. 4:18-cr-00267-BSM, Doc. No. 97 at 19–21. He was charged with one count of enticement of a minor and one count of traveling with intent

to engage in illicit sexual conduct. *Id.*, Doc. No. 9. He pled guilty to the enticement charge and was sentenced to 180 months in prison. *Id.*, Doc. No. 84.

Williams moves to reverse the denial of his 28 U.S.C. section 2255 habeas corpus claim, citing selective prosecution, prosecutorial misconduct, and abuse of prosecutorial discretion. His motion is denied.

To establish selective prosecution, Williams must show that "(1) people similarly situated to him were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose." *United States v. Peterson*, 652 F.3d 979, 981 (8th Cir. 2011) (citation modified). Selective prosecution is a very heavy burden. *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). Williams points to Bodine and Berrier, but their cases are not similar to his because both involved traveling to sexually assault minors while Williams solicited child pornography online. Although one can debate which cases are worse, it is clear that these two cases are different from his. Also, there is no evidence that the decision to charge Williams with attempted production of child pornography was discriminatory.

To establish prosecutorial misconduct, Williams must show "that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial." *United States v. Crumley*, 528 F.3d 1053, 1064 (8th Cir. 2008). Williams's prosecutorial misconduct claim is denied because he points to no improper remarks made by Bryant and there was no trial in his case because he pled guilty. Doc. No. 44.

Prosecutorial discretion is a foundational element of the criminal justice system, and separation of powers generally prevents the courts from interfering with a prosecutor's

charging decision. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). As long as the charge is based on probable cause, decisions of whether to prosecute and what to charge are within the prosecutor's discretion. *Id.* Williams has not shown an abuse of prosecutorial discretion because Bryant had probable cause to charge him with attempted production of child pornography. In the cases Williams references, Bryant similarly acted within her discretion in deciding what charges to bring and which ones she ultimately used to negotiate plea agreements.

Williams's motion for summary judgment is denied because motions for summary judgment are not available in criminal cases. *United States v. Grubb*, 135 F.4th 604, 606 (8th Cir. 2025).

IT IS SO ORDERED this 1st day of October, 2026.

UNITED STATES DISTRICT JUDGE